IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01771-GPG

VASILE ZOREL,

      Petitioner,

v.

TODD LYONS, Warden of Aurora ICE Detention Facility, and
ROBERT HAGAN, Director of the ICE Field Office,

      Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1) (Application) and Respondents' Response to Application for Writ of Habeas Corpus and Order to Show Cause (D. 19), which informs the Court of Petitioner's voluntary departure from the United States on May 13, 2026. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied as moot.

## I. BACKGROUND

Petitioner is a native and citizen of Romania. (D. 19-1 at ¶ 4). Petitioner entered the United States on May 20, 2021. On May 21, 2021, U.S. Customs and Border Protection ("CBP") initiated removal proceedings, issued a Notice to Appear ("NTA") to Petitioner, and charged him with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (*Id.* at ¶¶ 5-7). Petitioner was released from custody on an order of recognizance (*Id.* at ¶ 8).

On October 7, 2025, Petitioner was taken into custody of the United States Immigration

and Customs Enforcement ("ICE") (*Id.* at ¶ 11). On April 13, 2026, Petitioner appeared before an Immigration Judge ("IJ"), withdrew his application for relief from removal, requested pre-conclusion voluntary departure pursuant to 8 U.S.C. § 1229c(a), and waived his right to appeal (*Id.* at ¶ 12). The IJ granted Petitioner's request if he departed the United States on or before May 13, 2026 (*Id.).* On May 13, 2026, Petitioner departed the United States via a commercial airline flight to Romania (*Id.* at ¶ 15).

On April 27, 2026, Petitioner filed the pending § 2241 Application challenging his prolonged detention and asserting a violation of his due process rights. (D. 1). As relief, he requests "immediate release" from ICE custody "subject to the conditions in his preexisting order of supervision" and an order prohibiting Respondents from transferring him to another facility outside of this District (D. 1 at 9). On April 29, 2026, Respondents were ordered to show cause why the Application should not be granted (*See* D. 4). On May 29, 2026, Respondents requested a one-day extension of time to respond to the Application in order to provide details—including an Agency declaration—of Petitioner's voluntary departure, which the Court granted (ECF Nos. 17, 18). On June 1, 2026, Respondents filed the Response (D. 19), asserting that Petitioner's claims are moot because he voluntarily departed the United States to Romania on May 13, 2026, and no longer is in ICE custody (*Id.* at 7). The Response is supported by a sworn Declaration of Austin Allbritton, a deportation officer assigned to Petitioner's case, which confirms Respondents' position (*See* D. 15-1).

## II. MOOTNESS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100

F.3d 863, 867 (10th Cir. 1996). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case, the parties must have a "personal stake in the outcome" of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Federal courts have no authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

The record before the Court indicates that Petitioner voluntarily departed the United States and is no longer in the custody of United States immigration officials. Petitioner makes no argument, and there is no indication in the file that any of the *Riley* exceptions apply. As a result, Petitioner's claim challenging his detention is moot.

### III. CONCLUSION

For the reasons discussed in this order, the Application is moot, and the action will be dismissed for lack of jurisdiction. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1) is DENIED as moot and this action is DISMISSED WITHOUT PREJUDICE for lack of

jurisdiction.

DATED June 4, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge